## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STANLEY T. PAGE,

               **Plaintiff,**

    v.                                      **1:12-cv-3367-WSD**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

               **Defendant.**

### OPINION AND ORDER

This matter is before the Court on Plaintiff Stanley T. Page's Objections [13] to Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [11] in Plaintiff's Social Security Disability Action.

## I.  BACKGROUND

### A.  Procedural History

On December 30, 2008, Plaintiff Stanley T. Page ("Plaintiff") filed for disability insurance benefits and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), alleging that he became disabled on October 1, 1999.  On March 26, 2009, the Social Security Administration (the "SSA") denied Plaintiff's applications.  On February 25, 2010, upon a request for reconsideration,

the SSA Commissioner (the "Commissioner") again denied Plaintiff's applications. On April 20, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On September 14, 2010, December 16, 2010, and July 26, 2011, administrative hearings were held before the ALJ.  On August 26, 2011, the ALJ issued a "Notice of Decision-Unfavorable" because she found that Plaintiff was not under a "disability" as defined by the Act, and there were jobs in significant numbers in the national economy that Plaintiff could perform.

On September 27, 2012, Plaintiff filed this action.  On November 4, 2013, the Magistrate Judge issued her R&R, recommending that the ALJ's decision be affirmed because substantial evidence supports the ALJ's findings and conclusion. On November 18, 2013, Plaintiff filed his Objections [13].

B.    Facts[1]

On December 30, 2008, Plaintiff submitted his applications for SSI, claiming severe back pain.  On March 14, 2009, Plaintiff was examined by Dr. Charles Carnel, who found that Plaintiff ambulated effectively and was "able to

---

[1] The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's factual findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that "[b]ecause [Plaintiff-Appellant] did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings.") (emphasis in original).

transfer on and off the exam table independently." (R&R at 22-23.)  Dr. Carnel also noted that Plaintiff "demonstrate[d] poor suboptimal effort throughout the exam[,] particularly with manual motor testing of the right lower extremity and with squatting."  (Id. at 14-15.)  Dr. Carnel observed that Plaintiff was able to walk heel-to-toe with minimal difficulty.  (Id. at 14.)  Dr. Carnel determined that Plaintiff had lumbar degenerative disc disease, but he could still perform tasks requiring him to lift objects up to 75 pounds, handle objects with appropriate dexterity, sit for up to 8 hours with normal breaks, and stand for at least 8 hours with normal breaks.  (Id. at 22.)

On March 30, 2009, Plaintiff underwent an MRI and was diagnosed with L5-S1 grade 1 to 2 anterolisthesis, in association with a pars defect contributing to severe bilateral formaminal stenosis and nerve root impingement.  (Id. at 5.) Plaintiff has primarily been treated with oral pain medications Naproxen, Ultram, Flexeril, and Mobic.  (Id.)  He has also received one epidural steroid injection. (Id.)  Plaintiff has not been recommended for corrective surgery, and his physical examinations have consistently shown full range of motion of the spine and normal gait and posture.  (Id.)

At his December 16, 2010, hearing, Plaintiff complained of sharp, stinging, and burning back pains, which radiate to his right leg.  Plaintiff testified that he

3

could only stand for brief periods before pain and numbness in his back and leg required him to sit or lie down.  (Id. at 4.)  He claimed that he could walk "maybe 10, 15 yards at the most" before the pain and numbness in his leg force him to stop. (Id.)

Plaintiff testified that his last job was in 1998 or 1999, and he stopped working because he was incarcerated for aggravated assault.  (Id. at 3.)  Plaintiff testified that he can use public transportation, and that he would be able to do his own grocery shopping.  Plaintiff also testified that he can walk up stairs with the assistance of a hand rail.  (Id. at 4.)

On February 24, 2011, Dr. Charles Hancock submitted his responses to a medical interrogatory on Plaintiff's disability status.  Dr. Hancock determined that Plaintiff would be able to lift 20 pounds occasionally and 10 pounds frequently. Dr. Hancock found that Plaintiff would be able to do a restricted range of light work.  (Id. at 6.)  Dr. Hancock, relying on a typographical error in Dr. Carnel's report, made his determinations under the mistaken impression that Plaintiff was obese.  (Id.)

The ALJ considered the medical opinions of Dr. Carnel and Dr. Hancock, giving them slight and moderate weight, respectively.  (Id. at 23.)  The ALJ also considered the residual functional capacity ("RFC") conclusions reached by the

physicians employed by the State Disability Determination Services who examined Plaintiff and his claims.  (Id. at 6.)  All the physicians who examined Plaintiff or the record of Plaintiff's claims concluded that Plaintiff was not disabled.  (Id.)

The ALJ analyzed whether the Plaintiff's back pain meets, medically equals, or exceeds the severity of any impairments found in the Listing of Impairments ("Listings") identified in the Social Security regulations.  The ALJ determined that Plaintiff's back pain did not meet the Listing for disorders of the spine because the record did not support his subjective pain testimony, and because he was able to ambulate effectively.  The ALJ made the following findings of fact in support of her conclusion:

> 1.    The claimant meets the insured status requirements of the Social Security Act through September 30, 2002.
>
> 2.    The claimant has not engaged in substantial gainful activity since October 1, 1999, the alleged onset date.
>
> 3.    The claimant has the following severe impairment: low back pain secondary to degenerative disc disease of the lumbar spine.
>
> 4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.
>
> 5.    The claimant has the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), but he is unable to perform repetitive crouching, crawling, squatting, reaching overhead, pushing, pulling, or operating of arm controls.  He has a fair ability to maintain attention and concentration for extended periods beyond two

5

hours and a fair ability to perform at a consistent pace.

6.      The claimant is unable to perform any past relevant work.

7.      The claimant was born on May 3, 1962, and was 37 years old on the alleged disability onset date.

8.      The claimant has at least a high school education and is able to communicate in English.

9.      Transferability of job skills is not material to the determination of disability because the Medical-Vocational Rules support that claimant is "not disabled," whether or not the claimant has transferable job skills.  (See Social Security Ruling 82-41 and 20 C.F.R. Pt. 404, Subpt. P, App. 2.)

10.      Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.      The claimant has not been under a disability, as defined in the Act, from October 1, 1999, through August 26, 2011, the date of the ALJ's decision.

(Id. at 9-11.)

At Plaintiff's July 26, 2011, supplemental hearing before the ALJ, Plaintiff's counsel cross examined Dr. Hancock regarding his answers to the medical interrogatory.  Plaintiff's counsel questioned Dr. Hancock extensively.  (Id. at 19.) Eventually, the ALJ limited Plaintiff's counsel's questioning, and Plaintiff's counsel argued that the ALJ could not do so.  (Id.)

C.    Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation that the decision of the ALJ be affirmed.  Plaintiff first objects to the Magistrate Judge's finding that the ALJ did not err by relying on Dr. Carnel's March 14, 2009, examination report. Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ did not prejudice Plaintiff when she limited Plaintiff's counsel's questions at the July 26, 2011, supplemental hearing.  Plaintiff finally objects to the Magistrate Judge's recommendation that the Court affirm the ALJ's finding that Plaintiff does not meet the requirements for a listed impairment.

## II.    DISCUSSION

A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714

F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

      B.    <u>Analysis</u>

The Court may conduct a limited review of a denial of benefits by the SSA Commissioner.  The Court must affirm the Commissioner's decision if it is supported by "substantial evidence" and if the correct legal standards are applied. <u>Kelley v. Apfel</u>, 185 F.3d 1211, 1213 (11th Cir. 1999).  The Court must examine the entire record when considering the reasonableness of the Commissioner's decision, including evidence unfavorable to the Commissioner's determination. <u>Lamb v. Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

The Commissioner's findings of fact must be supported by substantial evidence, which the Eleventh Circuit defines as less than a preponderance of the evidence but such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1211 (11th Cir. 2005).  "Substantial evidence" is "more than a scintilla, but less than a preponderance."  <u>Cannon v. Bowen</u>, 858 F.2d 1541, 1544 (11th Cir. 1988) (internal quotation marks omitted).  The Court grants less deference to the Commissioner's application of legal principles, which are reviewed *de novo*. <u>Moore</u>, 405 F.3d at 1211.

      1.    *Dr. Carnel's Examination*

Plaintiff objects to the Magistrate Judge's and the ALJ's reliance on the medical testimony of Dr. Carnel, because Dr. Carnel examined Plaintiff on March 14, 2009, and he submitted his report without viewing the results of an MRI Plaintiff underwent on March 30, 2009.

Plaintiff argues that Dr. Carnel's evaluation of Plaintiff and any subsequent medical opinions based on Dr. Carnel's report are invalid because Dr. Carnel's report does not take into account the March 30, 2009, MRI.  It is unclear to the Court, however, how lack of access to the MRI results invalidates Dr. Carnel's physical assessment of Plaintiff.  Dr. Carnel examined Plaintiff and agreed that Plaintiff suffered from degenerative disc disease.  The purpose of Dr. Carnel's examination was to evaluate and determine Plaintiff's physical abilities.  (R&R at 22.)  Dr. Carnel observed that Plaintiff had normal gait and posture.  Dr. Carnel also noted that Plaintiff had full range of motion of the cervical and lumbar spine, and could "ambulate independently without an assistive device."  (Id. at 22-23.)  An MRI was not required to make Dr. Carnel's clinical observations.  To the extent Plaintiff claims Dr. Carnel should have reviewed the MRI, the Court notes that Dr. Carnel's opinion, based on his clinical observations, were given "only slight weight" by the ALJ.  The ALJ thus fulfilled her responsibility to consider the

opinions of all medical sources.  <u>See</u> 20 C.F.R. § 1527(c) ("[R]egardless of its

source, we will evaluate every medical opinion we receive.")

     The ALJ, having considered all of the medical opinion evidence offered in

the record, found that Plaintiff was not disabled, and Dr. Carnel's failure to review

the MRI before making his opinion does not discredit that there is substantial

evidence to support the finding that Plaintiff is not disabled.  Upon *de novo* review,

the Court overrules Plaintiff's objection.

2.     *The ALJ's Limiting of Cross Examination*

     Plaintiff next objects to the Magistrate Judge's finding that the ALJ's

limiting of Plaintiff's cross examination of Dr. Hancock did not prejudice Plaintiff.

Plaintiff argues that the Magistrate Judge should have concluded, as a matter of

law, that Plaintiff did not receive a fair hearing before the ALJ on July 26, 2011.

     According to the SSA's regulations, claimants "may present any witnesses

and question any witnesses" at their administrative hearings.  20 C.F.R.

§ 416.1416(b)(4).  At these hearings, it is the ALJ's responsibility "to develop a

full and fair record."  <u>Cowart v. Schweiker</u>, 662 F.2d 731, 735 (11th Cir. 1981).

To show a claimant's right to due process has been violated "to such a degree that

the case must be remanded to the Secretary for further development of the record,"

a claimant must show that it has been prejudiced by the limitation of the record.

10

Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995) (citing Kelly v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985)).  To determine whether a claimant has been prejudiced, courts must decide "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice."  Id. (citations and internal quotations omitted.)

Plaintiff argues that the ALJ's limiting of Plaintiff's cross examination is prejudicial because the ALJ "relied solely upon . . . Dr. Hancock's opinion to support the ALJ's conclusion that Plaintiff does not meet a listed impairment." (Pl.'s Objections [13] at 6.)  Plaintiff essentially argues that the ALJ exclusively relied on Dr. Hancock's medical opinion to find that Plaintiff does not meet a Listing, and the ALJ's limitation of Plaintiff's cross examination of Dr. Hancock produced an evidentiary gap rising to the level of clear prejudice.

Plaintiff's claim is not supported by the administrative record.  The ALJ applied moderate weight to Dr. Hancock's opinion, and she considered the medical testimony of Dr. Carnel.  The ALJ analyzed the credibility of Plaintiff's testimony and evaluated Plaintiff's daily activity and complaints of pain in light of objective medical evidence.  The ALJ considered the entire record in making her ruling on Plaintiff's disability status.  The ALJ did not rely solely on Dr. Hancock's opinion, and Plaintiff was given ample opportunity to cross examine Dr. Hancock at his

July 26, 2011, supplemental hearing.  Plaintiff had three separate hearings before the ALJ, and the ALJ developed and analyzed a sizeable administrative record in this case.  The limitation of Plaintiff's cross examination, after he had already questioned Dr. Hancock extensively, did not produce an evidentiary gap, and Plaintiff has not presented a credible argument or evidence even to support that the ALJ's limitation on counsel's examination impacted, at all, the evidence available or that any prejudice resulted from it.  Upon *de novo* review, the Court overrules Plaintiff's objection based on a cross examination limitation.

3.    *Finding of No Listed Impairment*

Plaintiff next objects to the Magistrate Judge's recommendation that the Court affirm the ALJ's finding that Plaintiff is not disabled because he does not meet or medically equal a Listing.  The Listings describe, for each of the major body systems, impairments which are considered severe enough to prevent an adult from doing any gainful activity.  See 20 C.F.R. § 404.1525(a); 20 C.F.R. § 416.925(a).

In determining whether an applicant suffers from a "disability" for purposes of benefits under the Act, the ALJ performs a five-step evaluation, prescribed in 20 C.F.R. § 404.1520.  The five steps include:

1.  Is the individual performing substantial gainful activity;

2.  Does he have a severe impairment;

3.  Does he have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4.  Can he perform his past relevant work; and

5.  Based on his age, education, and work experience, can he perform other work of the sort found in the national economy.

Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  Plaintiff contends that, at step three of this analysis, the ALJ incorrectly determined that Plaintiff's condition does not meet Listing 1.04C (Lumbar spinal stenosis).

"When a claimant contends that he has an impairment meeting the listed impairments, the burden is on the claimant to present specific medical findings that meet the various tests listed under the description of the applicable impairment . . . ."  Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

To prove a disability meeting or medically equaling Listing 1.04C (lumbar spinal stenosis), a claimant must show "pseudoclaudication" as well as the inability to "ambulate effectively, as defined in 1.00B2b."  20 C.F.R. Pt. 404, Subpt. P,

App. 1, § 1.04C.  Pseudoclaudication is "manifested as pain and weakness, and

may impair ambulation. . . .  The pain is provoked by extension of the spine, as in

walking or merely standing, but is reduced by leaning forward."  Id. § 1.00K3.

Effective ambulation is defined as follows:

> [I]ndividuals must be capable of sustaining a reasonable walking pace
> over a sufficient distance to be able to carry out activities of daily
> living.  They must have the ability to travel without companion
> assistance to and from a place of employment or school.  Therefore,
> examples of ineffective ambulation include, but are not limited to, the
> inability to walk without the use of a walker, two crutches or two
> canes, the inability to walk a block at a reasonable pace on rough or
> uneven surfaces, the inability to use standard public transportation, the
> inability to carry out routine ambulatory activities, such as shopping
> and banking, and the inability to climb a few steps at a reasonable
> pace without the use of a single hand rail.  The ability to walk
> independently about one's home without the use of assistive devices
> does not, in and of itself, constitute effective ambulation.

Id. § 1.00B2b(2).

A claimant's subjective testimony of pain is analyzed according to the

Eleventh Circuit's three-part pain standard: "The pain standard requires (1)

evidence of an underlying medical condition and either (2) objective medical

evidence that confirms the severity of the alleged pain arising from that

condition or (3) that the objectively determined medical condition is of such

a severity that it can be reasonably expected to give rise to the alleged pain."

Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  If the pain standard

is met, the ALJ must consider the claimant's subjective pain testimony, or else give "explicit and adequate reasons for rejecting that testimony." Id. (citations omitted.)  In evaluating the credibility of a claimant's subjective pain testimony, the ALJ can consider a variety of factors, including daily activities, medications and treatments used to treat the pain, and other factors related to a claimant's functional limitations or restrictions due to pain.  See 20 C.F.R. § 404.1529(c)(3).  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."  MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986).

The ALJ determined Plaintiff's condition did not meet Listing 1.04C because she found Plaintiff's subjective pain testimony was not supported by objective evidence in the record.  The ALJ also gave explicit and adequate reasons to doubt Plaintiff's credibility: "The claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations."  (R&R at 29.)   According to Plaintiff's own testimony, he is able to do his own shopping.  He can walk up stairs with the assistance of a railing.  Plaintiff has always had full range of motion of the cervical and lumbar spine.  In his examination with Dr. Carnel, Plaintiff squatted to 3/4

depth and demonstrated good strength and mobility, even though he gave "suboptimal effort." The ALJ also examined Plaintiff's treatment program. Plaintiff has never been recommended for surgery, and he has been treated conservatively with oral pain medications and one epidural injection. Substantial evidence supports the ALJ's finding that Plaintiff does not meet the requirements for Listing 1.04C because Plaintiff did not meet his burden to prove pseudoclaudication.

The ALJ also determined that Plaintiff is not disabled because he is able to ambulate effectively. Plaintiff testified that he can complete a number of tasks indicative of effective ambulation, and he showed full range of motion and good strength during his examination with Dr. Carnel. The only evidence in the record that indicates Plaintiff cannot ambulate effectively is Plaintiff's own testimony that pain prevents him from walking more than 10 to 15 yards. Substantial evidence clearly supports the ALJ's finding that Plaintiff can ambulate effectively and does not meet the requirements of Listing 1.04C for this reason. Upon *de novo* review, the Court overrules Plaintiff's objection based on a finding of no impairment.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final

Report and Recommendation [11] is **ADOPTED** and Plaintiff Stanley T. Page's

Objections [13] are **OVERRULED**.  The decision of the Commissioner is

**AFFIRMED**.

      **SO ORDERED** this 12th day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE